142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KENNETH BAUER, Plaintiff-Appellant,
v.
Steven A. PEAK; Alan D. Bersin; Howard B. Turrentine,
Honorable; Judith N. Keep, Honorable; Rudi M. Brewster,
Honorable; William B. Enright, Honorable; Earl B. Gilliam,
Honorable; Marilyn L. Huff, Honorable; Leland C. Nielson,
Honorable; John S. Rhoades, Honorable; Edward S. Schwartz,
Honorable; Gordon Thompson, Jr., Honorable; Irma E.
Gonzales, Honorable; Napoleon A. Jones, Jr., Honorable;
Roberta Westdal; Kathryn E. Landreth, Defendants-Appellees.
 No. 96-16617.
D.C. No. CV-S-96-00353-PMP.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 14, 1998.**
Decided April 23, 1998.
 
 1
 Appeal from the United States District Court of the District of Nevada Philip M. Pro, Distric Judge, Presiding.
 
 
 2
 Before GOODWIN, FLETCHER and D.W. NELSON, Circuit JJ.
 
 
 3
 JUDGMENT ORDER*
 
 
 4
 Kenneth Bauer appeals pro se the dismissal of his civil action. We have jurisdiction, 28 U.S.C. § 1291, and we dismiss his appeal as moot.
 
 
 5
 Bauer was arrested for his role in a telemarketing scheme, and criminal proceedings began in December 1995. Before the criminal trial began but while the proceedings were underway, Bauer brought this action in April 1996, in Nevada. This is Bauer's second attempt to interrupt the criminal investigations and proceedings against him .[1]
 
 
 6
 Bauer's criminal trial has ended and he is in the process of directly appealing his conviction and sentence. Even if we had been inclined to grant Bauer the relief he requested, the issue is now moot. The relief Bauer sought was intervention in his criminal trial. That trial has ended.[2] See Church of Scientology v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (holding that, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed."). We therefore dismiss Bauer's appeal as moot.
 
 
 7
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36-3
 
 
 [1]
 In the first action, Bauer asserted that the grand jury process by which he had been indicted was unconstitutional. The district court dismissed his claim and this court affirmed in an unpublished disposition
 
 
 [2]
 Moreover, since his trial has ended, Bauer will have the opportunity to appeal directly his conviction and any alleged procedural errors that occurred during his trial